**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 25 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

RUSSELL M. HAMPTON,

     Plaintiff-Appellant,

v.

DON MORTON, BILL REED, and
BEN GRIEGO,

     Defendants-Appellees.

No. 97-1434

(D.C. No. 97-D-1878)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **BALDOCK**, **EBEL**, and **MURPHY**, Circuit Judges.[**]

     Plaintiff appeals the district court's dismissal of his complaint without prejudice

for failure to state a claim. Our jurisdiction arises under § 28 U.S.C. 1291, and we

affirm.

---

    [*]     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

    [**]     After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1.9. This case is therefore ordered submitted without oral argument.

Plaintiff, an inmate at the Colorado Territorial Correctional Facility, filed a pro se complaint pursuant to 42 U.S.C. § 1983, alleging that prison officials violated his constitutional rights when they revoked 180 days of his previously awarded earned time credits. Plaintiff claims that the loss of these credits will require him to serve an additional six months in prison. Plaintiff received the credits between 1990-1996 for his participation in the Colorado Department of Corrections Sex Offender Treatment Program. On March 6, 1996, Defendants withdrew the credits. Plaintiff alleges that Defendants informed him that the credits were revoked because he had failed to participate in the treatment program. In his complaint, Plaintiff asserted that the earned time credits had already vested and that state law prevented the withdrawal of vested earned time credits. He also claimed that the withdrawal of the credits violated the due process clause of the Fourteenth Amendment because the earned time credits were revoked summarily. Plaintiff did not seek the restoration of his earned time credits, but instead sought money damages. The district court concluded that Plaintiff's claims were not cognizable under § 1983 and dismissed the complaint without prejudice.

We review de novo the district court's dismissal of a complaint for failure to state a claim upon which relief can be granted. Chemical Weapons Working Group, Inc. v. United States Dep't of the Army, 111 F.3d 1485, 1490 (10th Cir. 1997). We have reviewed the parties' briefs, pleadings and the entire record before us and agree with the decision of the district court. A state prisoner may not bring a § 1983 suit for damages if

2

the constitutional defect he alleges would, "if established, necessarily imply the invalidity of the deprivation of his good time credits" unless the plaintiff can show that the deprivation of the good time credits has previously been invalidated.  Edwards v. Balisok, 117 S.Ct. 1584, 1588 (1997).   In this case, Plaintiff alleges that his good time credits were wrongfully revoked and that the procedure utilized by prison officials to deprive him of the credits violated procedural due process.  In deciding these claims, a district court would have to determine whether the revocation of the earned time credits was proper.  Consequently, a judgment in Plaintiff's favor would necessarily imply the invalidity of the deprivation of his good time credits.  Therefore, we conclude that the district court properly dismissed the complaint.  Accordingly, the decision of the district court is

AFFIRMED.

Entered for the Court,


Bobby R. Baldock
Circuit Judge

3